UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| SCOTTY JOHN D., | Case No. 3:22-cv-00605-AR |
| Plaintiff, | **ORDER FOR ATTORNEY FEES UNDER 42 U.S.C. § 406(b)** |
| v. | |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

**ARMISTEAD, Magistrate Judge**

Plaintiff Scotty John D. (last name omitted for privacy) brought this action seeking review of the Commissioner's final decision denying his application for disability insurance benefits and supplemental security benefits under Titles II and XVI of the Social Security Act.[1] On June 3, 2023, the court granted a stipulated motion to remand the Commissioner's decision

---

[1] The parties have consented to jurisdiction by magistrate judge as permitted by 28 U.S.C. § 636(c)(1).

Page  1  – ORDER FOR ATTORNEY FEES UNDER 42 U.S.C. § 406(b)

for further administrative proceedings. On remand, plaintiff received a fully favorable decision and was entitled to receive benefits beginning June 2015. In a prior appeal from this same claim, the court awarded $5,358.19 to plaintiff's attorney under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

Plaintiff's counsel, Kevin Kerr, seeks approval of $37,287.50 in attorney fees, under 42 U.S.C. § 406(b), which represents 25 percent of plaintiff's past-due benefits. (Am. Motion for Attorney Fees Under 406(b), ECF No. 24.) Although the Commissioner does not dispute that counsel is entitled to an award of fees and agrees that the amount requested is reasonable, the Commissioner takes issue with the wording of plaintiff's counsel's Proposed Order attached to the motion for attorney fees.

## DISCUSSION

Under 42 U.S.C. § 406(b), the court may allow a reasonable fee for an attorney who represented a Social Security claimant before the court and obtained a favorable judgment, as long as the fee is not in excess of 25 percent of the total past-due benefits. *See Grisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). When a contingency agreement applies, the court will look first to such agreement and will conduct an independent review to assure the reasonableness of the fee requested, taking into consideration the character of the representation and results achieved. *See id.* at 807-08. Although the fee agreement is the primary means for determining the fee, the court may reduce the fee for substandard representation, delay by the attorney, or because a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing *Grisbrecht*, 535 U.S. at 808).

The court has reviewed the record in this case, the motion, and the supporting materials, including the award of benefits, the fee agreement with counsel, and the recitation of counsel's hours and services. Plaintiff agreed to pay counsel fees of 25 percent of any past-due benefits awarded to her. (Motion for Fees Attach. 1, ECF No. 19-1.) The amount sought by counsel ($37,287.50) represents 25 percent of the total award ($149,150). (*Id.* Attach. 2.) The representation was not substandard and the results achieved were excellent. This court granted a stipulated remand, after which plaintiff received a fully favorable determination of benefits. There is no evidence that a windfall will result from the requested fee. Moreover, the Commissioner has no objection to the amount of the award. Applying the standards set by *Gisbrecht*, the court finds that the requested fees are reasonable.

The parties dispute the wording to be used in the Order. The Commissioner insists that § 406(b)(1)(A) does not authorize an order "directing" the Commissioner to "pay" attorney fees. (Resp. at 2, ECF No. 26.) The Commissioner requests that the order specify that any amount of fees awarded under § 406(b) are to be paid out of plaintiff's past-due benefits that have been withheld by the agency for that purpose. At bottom, the Commissioner appears concerned about being on the hook for attorney fees in the event of a shortfall of withheld funds. The proposed order provided by plaintiff's counsel complies with the Commissioner's request, as does the court's order below.

The Commissioner also notes that when an attorney receives fees under the EAJA and § 406(b), the attorney must refund the smaller fee award to the claimant. (Resp. at 3.) Plaintiff's counsel's proposed order provides that the EAJA sum of $5,358.19 will be refunded to plaintiff. Accordingly, the Commissioner's concerns have been addressed.

Page 3 – ORDER FOR ATTORNEY FEES UNDER 42 U.S.C. § 406(b)

## CONCLUSION

Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b) is GRANTED. Plaintiff's attorney, Kevin Kerr, is allowed an attorney's fee under the Social Security Act, 42 U.S.C. § 406(b), in the amount of $37,287.50, to be paid out of the claimant's past-due benefits. Plaintiff's counsel shall refund the amount of $5,358.19 already received by counsel under the EAJA. Any funds withheld by the Commissioner in anticipation of an order under § 406(b), less an administrative assessment under 42 U.S.C. § 406(d), may be paid to NW Disability Benefits, LCC dba Kerr Robichaux & Carroll (TID 85-3999428), PO Box 14490, Portland, OR 97293, consistent with this Order.

DATED: December 28, 2023.

_____
JEFF ARMISTEAD
United States Magistrate Judge